# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN LOVE LUNDY : | |
| : | CIVIL ACTION NO. 3:17-2199 |
| **Plaintiff** : | |
| : | (MANNION, D.J.) |
| v. : | (CARLSON, M.J.) |
| : | |
| POCONO MOUNTAIN REGIONAL : | |
| POLICE DEP'T, *et al.* : | |
| : | |
| **Defendants** : | |

## MEMORANDUM

Presently before the court is the December 5, 2017 Report and Recommendation ("Report") of U.S. Magistrate Judge Martin C. Carlson. (Doc. 5). In his Report, Judge Carlson recommends that the plaintiff's motion to proceed *in forma pauperis*, (Doc. 7), be conditionally granted and that his complaint, (Doc. 1), be dismissed. On December 13, 2017, the plaintiff filed timely objections to Judge Carlson's Report. (Doc. 11). For the following reasons, the Report will be **ADOPTED IN ITS ENTIRETY**, and the plaintiff's complaint will be **DISMISSED**.

Steven Love Lundy, an inmate confined at the Monroe County Correctional Facility, filed the above-captioned civil rights complaint under 42 U.S.C. §1983. (Doc. 1). The named defendants are the Pocono Mountain Regional Police Department, Sergeant Kenneth Lenning, and Corporal

Matthew Nero. (*Id.*). Lundy's complaint alleges in a cursory manner that his residence was unlawfully searched, that unspecified criminal charges filed against him are frivolous, and that those charges were based upon falsified documents. (*Id.*). After filing his complaint, Lundy submitted an application for leave to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. 7).

Judge Carlson's Report appropriately points out that (1) Lundy's complaint fails to adhere to Fed. R. Civ. P. 8(a)(2) by setting forth "a short and plaint statement of the claim showing that the pleader is entitled to relief;" (2) the Pocono Mountain Regional Police Department, as an administrative arm of a municipality, is not a proper institutional defendant under 42 U.S.C. §1983; and (3) these *pro se* pleadings run afoul of the *Younger* abstention doctrine. (Doc. 5).

When objections are timely filed to the Report and Recommendation of a magistrate judge, the district court reviews *de novo* those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the magistrate judge's recommendations to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the Report to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every Report and Recommendation). Nonetheless, regardless of whether or not timely objections are made to the Report, the district court may accept, not accept, or modify in whole or in part the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

A court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous or malicious, that fail to state a claim on which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2). The court must accept all factual allegations in the complaint as true and view them in the light most favorable to the *pro se* plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Since Lundy here proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his sparse objections to Judge Carlson's Report, Lundy attempts to simultaneously amend his prior pleadings and assert additional motions, rather than respond to the merits of the legal determinations contained in the Report. (Doc. 11). Lundy's "objections" simply mirror many of his initial arguments, which were soundly rejected in Judge Carlson's Report. (*Id.*). While Lundy is quick to note, for instance, that he "would like to produce evidence . . . relat[ed] to [his] claim . . . in an attempt to have a court appearance," he offers no cognizable bases for disputing Judge Carlson's recommendations. (*Id.*). Moreover, even if Lundy were permitted to amend his complaint to assert his claims against the municipality, as opposed to the Pocono Mountain Regional Police Department, it would not resolve his complaint's more general pleading deficiencies, nor would it satisfy the requirements of the *Younger* abstention doctrine. (Doc. 5). Lundy addresses neither of these concerns in his objections to the Report. (Doc. 11).

Even when liberally construed, Lundy's pleadings and subsequent court filings present no sufficient basis for permitting his claims to move forward, and the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his Report. Finding no clear error on the face of the record, the court will adopt the Report in its entirety, conditionally grant Lundy's

application to proceed *in forma pauperis*, and dismiss Lundy's complaint. An appropriate order shall follow.

                                       s/ *Malachy E. Mannion*
                                       **MALACHY E. MANNION**
                                       **United States District Judge**

**Dated: May 15, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2199-01.docx